NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH SACHS, | No. 22-16259 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-00471-MTL |
| v. | |
| ROBERT DICARLO, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Kenneth Sachs appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of state child custody

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We may affirm on

any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2008). We affirm.

Dismissal of Sachs's federal constitutional claim was proper because Sachs failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1146-47 (9th Cir. 2021) (setting forth requirements to state a violation of a constitutional right to familial association through judicial deception).

The district court did not abuse its discretion by declining supplemental jurisdiction over Sachs's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

We do not consider arguments raised for the first time on appeal. *See*

22-16259

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**